Judgment in favor of defendant, Benjamin Reinheimer.

---

WILLIAM B. KIRK et al., Plaintiffs, *v.* JAMES K. McGUIRE, as Mayor of the City of Syracuse, et al., Defendants.

(Supreme Court, Onondaga Special Term, October, 1900 )

Cities of the second class — Annual tax budget must be passed by the votes of three-fourths of all the members of the common council.

The charter of cities of the second class (L. 1898, ch. 182, §§ 19 and 96, as amd. by L. 1899, ch. 581, § 7) requires the annual tax budget of such a city to be passed by a vote of three-fourths of all the members of its common council and where less than that number vote for the budget it is illegal and must be resubmitted to the common council.

ACTION for an injunction.

A. H. Cowie, for plaintiffs.

M. Z. Haven, for defendants.

HISCOCK, J. This action is brought and this motion made in it to restrain the defendants from attempting to collect a purported tax budget for the year 1900, amounting to $1,752,509.96.

There is no dispute that the plaintiffs are large taxpayers and entitled to maintain this action.

The purported budget was, as claimed by defendants, adopted September twenty-fourth, last. The questions raised herein could not well be presented until after such action. The suit was commenced within three days thereafter. There can, therefore, be no doubt that the plaintiffs have proceeded diligently and should not be denied any rights to which they are otherwise entitled upon the ground that by delay their action may cause unnecessary embarrassment.

Plaintiffs attack the budget upon four grounds. They assert:

*First.* That the votes of fifteen aldermen, which would be three-fourths of the entire council, were necessary for its adoption, whereas in fact it only received the votes of twelve.

*Second.* That under a statute concededly applying to the former government and claimed not to have been repealed by the present charter, the defendants were restricted to a budget of $1,167,000.

*Third.* That if this latter contention is not correct the defendants were required by law to take as the basis for their budget the city assessed valuations of 1899, instead of 1900, which would necessitate a reduction of the budget at least from $1,752,509.96 to $1,677,139.90.

*Fourth.* That there are specific items aggregating about $175,000 included in the budget, which the defendants have no right to place there.

It will be observed that the first claim affects the legality of the entire budget. Concededly if it received only twelve votes when it required fifteen it is absolutely illegal and worthless. The collection of taxes under it could not be enforced, and the attempt to do so would plunge the city into costly and unsuccessful litigation. The revenues necessary to conduct the city government and pay its employees would practically be made dependent upon the voluntary contributions of taxpayers, who could not be compelled to pay taxes unless choosing to.

I think it must be pretty clear that it would be a serious responsibility for this court to sanction a budget about the validity of which there might be grave doubts, and which, if illegal, would lead up to such a condition of litigation and confusion as I have referred to. And this especially in view of the fact that this error can undoubtedly be remedied at this time by sending the budget

back to the council and giving opportunity to secure the adoption of a budget by the number of votes claimed to be requisite.

In my opinion in this case the contention of the plaintiffs does not leave room for a reasonable doubt about the validity of this budget. I think it is clear beyond such doubt that it is illegal.

The present charter required the board of estimate and apportionment last spring to make an estimate of the several sums of money which it deemed necessary to be raised by tax to pay the expense of conducting the business of the city, and for the various purposes provided by the charter for the year 1900, and to submit such estimate to the common council. It then became the duty of the common council to consider and act upon such budget, its action being regulated by section 96 of the charter of second-class cities (Laws of 1898, chap. 182, as amended by Laws of 1899, chap. 581, § 7), which reads as follows:

" The common council shall hear any taxpayer who wishes to be heard in reference thereto, and after such hearing it may adopt such estimate as is submitted to it, or diminish or reject any item therein contained, except such as relates to the city debt and *adopt the estimate* as thus amended; but it shall not increase any item in such estimate for any department, office or purpose. *When it shall have adopted the estimate* as herein provided, the same shall be entered at large in its minutes and published in its proceedings; and the several sums in the final estimate so adopted shall be and become *appropriated for the several departments, offices and purposes* named in the estimate for the ensuing fiscal year; and such estimate shall be known as the tax budget and the several amounts therein named shall be levied, assessed and raised by tax," etc.

It seems to me that a mere reading of the above section makes it clear beyond the necessity for extended reasoning that it is the common council which finally passes upon the budget, puts it into effect and " appropriates " the various sums of money to the various purposes therein specified. The board of estimate and apportionment cannot accomplish that end. Their very name implies what their duties are. They are to make up an estimate of what will be needed to run the city government for a year, and apportion that amount to the various departments. By their action they can limit the maximum amount which the council can appropriate, but outside of what may be needed for the city debt, they

cannot compel the council to adopt a single one of their figures. Subject to the two limitations mentioned, the council has entire control of the subject of raising money to meet the proposed budget. Neither is there any doubt, as it seems to me, that the latter's duty in connection with the budget does amount to an appropriation of money. The charter characterizes it as such, and such is its effect. The votes of twelve members in adopting this budget, if it were legal, would be the only act of appropriation necessary or permissible to govern the disbursement of this $1,752,509.96. As soon as the budget passed into a tax levy and was collected it would be the duty of the city officials to pay out every dollar of it in accordance with that budget without further action or resolution by the council or anybody else. So I think it may be concluded that the action of the twelve members of the council in attempting to adopt the budget was an attempt to appropriate money, and we are, therefore, brought to a consideration of the section of the charter claimed by plaintiffs to govern that subject.

Section 19, which relates to the powers of the council, provides: "No appropriation of money shall be made for any purpose except by an ordinance passed by *three-fourths* of all the members specifying the amount thereof and the department or specific purpose for which the appropriation is made."

This budget received twelve votes. Three-quarters of the entire council would be fifteen.

Again, it seems to me that the meaning and application of this language is made as clear by the reading of it as it can be by extended reasoning. The language is broad and comprehensive. It says " No " appropriation for " any purpose " shall be made except by a three-fourths vote. Its terms are suitable to describe the duties of the council in connection with the budget and the appropriation of the moneys therein described.

I am unable to conclude that it is the duty of the court to grope after some hidden or obscure construction of this clause, which giving to the taxpayers the safeguard of a three-fourths vote upon some incidental and trivial item, would deny it to them in the case of an annual budget carrying the expenditure of over one and three-quarters millions of dollars.

Upon the submission of this motion the corporation counsel argued earnestly that the foregoing construction would put it

within the power of a small portion of the board of aldermen to prevent the adoption of a budget from unworthy motives, and that they ought not to be intrusted with this power.

Of course that objection is hardly presented by the facts in this case. This budget only received the approval of one more than a bare majority of the council, and the rest failed, or refused to give the approval of their votes, and it would be assuming much to believe that so many members of the council withheld their approval for personal and improper reasons. And apparently it was the judgment of the Legislature that in the case of municipal governments, where extravagance does sometimes creep in, it was better to take the risk of requiring a large vote for an appropriation rather than of a too large appropriation by a small vote.

The objection to the present purported budget above considered, which, if I am right in my conclusions, renders it wholly illegal, can in my opinion be cured by submitting the matter again to the common council, and by the adoption of some proper budget by the requisite number of votes. There is in my mind no doubt of the power of the city government to secure a proper consideration by the common council of a budget with reasonable diligence at any time.

If I am right in the decision which I have reached upon the point considered, it will lead to a resubmission of the budget, and I have, therefore, concluded not to decide the other points raised by the plaintiffs. With the attention which has been attracted to them by this litigation, I believe that the municipal government with reasonable consideration will be able to decide most of them without the assistance of the court.

For instance, take the case of the specific items amounting to about $175,000 included in the budget and said to represent deficiencies of former years, the charter points out very clearly the expenditures to be provided for by this budget, and there ought not to be much difficulty in determining whether these items are legal. If any of them should be illegally included in another budget the court can correct the error. I prefer not to anticipate it.

So also I think their own good judgment will enable the city authorities to determine whether it is probable that the statute meant that the limit of this budget should be fixed as was done by reference to the assessed valuations for 1900, which were not

due until months after the budget should have been adopted, or whether reference should be had to the assessments of the previous year, which were in existence, and before the city officials when the budget under the charter should have been made up; also will suggest whether there are not strong objections founded in good sense to the theory that the city is to be regarded as having less than 100,000 inhabitants simply because the State census taken several years ago then showed that fact, whereas other equally reliable evidence shows beyond question that when the budget was reported the city has passed the 100,000 mark.

I especially do not regard it as desirable at this time to attempt to pass upon the contention which overshadows those last referred to in importance — the one that the amount of the budget is limited to $1,167,000. That is a pretty important question. Its decision in the affirmative, at least, might lead to quite far-reaching results. It ought to receive a more extended and searching consideration than has been possible within the time allowed to me for a decision of this motion. Its decision may never become necessary or material. The defendants may deem it wise to follow the conclusion reached upon the first question considered and to resubmit to the council the matter of making up and adopting the budget. If this is done, a budget may be adopted of such form and proportion as to secure the approval of all interested citizens, and thus further litigation and the necessity for passing upon the above question be avoided. That result would undoubtedly be fortunate, and this court ought not to assume for the present that it will not be reached.

The motion to restrain the collection of the present purported budget for 1900 is, therefore, granted upon the ground that it did not receive the necessary three-fourths vote of the common council and is illegal and void.

Motion granted.